FRANK JELINEK v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 15, 1908.

Nos. 15,554—(57).

**Negligence of Employer.**

The evidence was sufficient to justify the jury in finding that appellant was guilty of negligence in permitting its street car tracks, running into its car barn, to become so greasy and oily that a car, manipulated by the motorman in the usual manner, slipped and collided with another car; and that such condition was the proximate cause of the injuries to respondent.

**Assumption of Risk.**

The evidence was sufficient to justify the jury in finding that at the time of the accident, the tracks were in a more oily and slippery condition than usual, and that respondent did not assume the risks attending the movement of cars upon the occasion in question.

[1] Reported in 116 N. W. 480.

**Contributory Negligence.**

It does not conclusively appear from the evidence that while respondent was in the pit, engaged in oiling a car, he was guilty of contributory negligence in reaching up over the rail in front of the wheel to feel of a certain journal.

**Same.**

It was ˙not error to charge the jury that, in determining whether respondent was guilty of contributory negligence, they might take into consideration the fact that the foreman of the car barn had directed him to feel of the journal boxes and find out which one was hot.

Action in the district court for Ramsey county to recover $35,000 damages for personal injuries. The case was tried before Hallam, J., and a jury which returned a verdict for plaintiff for $6,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*N. M. Thygeson* and *W. H. Bennett,* for appellant.
*Humphrey Barton* and *John H. Kay,* for respondent.

LEWIS, J.

The complaint charged that appellant was guilty of negligence in allowing its car tracks, running from the street into its car barn, to become greasy and slippery to such an extent that a certain car did not stop when the motorman cut off the current and applied the brake, as it otherwise would have done, and as a result the car struck another car standing on the same track in the barn, thereby driving it forward and injuring respondent, who was in a pit under the car so struck, and engaged in oiling it.

At the close of the evidence, appellant moved for a directed verdict in its favor, upon the ground that the evidence failed to show that it was negligent in any respect as charged in the complaint, and that respondent was guilty of contributory negligence; and, further, that it was not an unusual condition of the tracks, but negligence of the motorman, a fellow servant of respondent, which caused the collision. Upon the question of the condition of the tracks, the evidence was exceedingly limited. It was´ conceded that the tracks were usually in a somewhat oily condition, owing to the fact that practically every day, as the cars of the company stood over the pits while being oiled and repaired, some oil dropped from the journals of the axles and other

parts of the cars. One witness testified that more or less oil was a usual condition, but on this occasion there seemed to be more than the usual quantity. The motorman testified that he brought his car into the barn in the usual manner, going at the rate of four or five miles an hour; that he shut off the current and applied the brakes at the proper place, for the purpose of bringing the car to a standstill within four or five feet of the car standing ahead of it; that he allowed fifteen or twenty feet for bringing the car to a standstill after shutting off the current and applying the brakes, but that the car slipped, and, before he could realize it and turn on the sand, the collision with the standing car had occurred. The motorman also testified that the track was more than ordinarily slippery. No evidence as to the condition of the track was offered by appellant, and although the difference between the usual condition and that at the time of the accident was not strongly marked, when taken into consideration with the other evidence in the case, it presented a question of fact whether or not an unusual and unnecessary amount of oil, or grease, had been permitted to accumulate on the rails which seriously interfered with the management of the car. If such was the fact, it was substantial ground for negligence on the part of appellant.

The evidence does not present a case which justifies the court in holding, as a matter of law, that the respondent was guilty of contributory negligence. Respondent was required to be in the pit under the car, and he testified that, while at work at the front end of the car, he could not see approaching cars, and, while so engaged in his duties of oiling cars, he could not hear approaching cars, and that no method had been provided for warning him of their coming; that he had worked in the same place for five months, and a car had never before been struck while he was at work on it. It was no part of respondent's duty to see that the tracks were kept in proper condition, and, if their condition at the time of the accident was out of the ordinary, he was not charged with knowledge of such fact. He had a right to assume that appellant would take reasonable precautions to keep the tracks in the usual condition. Respondent testified: That, while he was in the pit and oiling the car, the foreman of the barn, also in the pit at the time, spoke to him, and said: "Some journal boxes are hot. Feel of them and find out which one of them is hot."

That he thereupon reached his arm up over the rail and in front of one of the front wheels of the car to feel of the journal, when the car was struck, and the wheel passed over his arm. This statement of the foreman was admitted by the trial court upon the theory that it might be taken into consideration as bearing upon the question of contributory negligence, and it was so limited in the charge to the jury. The duties of respondent in the pit as oiler were confined to oiling the armature boxes, or such parts as could be reached from the pit, and in order to oil the journals he was obliged to go out of the pit and attend to that work from the walk, or platform, running along the side of the pit. The foreman was in charge of the barn during the night. He had supervision over the movements of the men, and directed them what to do and how to do it. To what extent respondent may have been influenced by the order of the foreman was for the jury. If he had a right to assume that the car would not be moved, as claimed, an immediate attempt to locate the heated journal box from the pit may have been taking chances, but it was not necessarily negligence. It is true that he momentarily placed his arm in a hazardous position; but, if he was then in a place where he might easily reach and feel the journal, we cannot say that the average man would have done otherwise, and the question was a proper one for the jury.

Affirmed.